# Exhibit "B"
To Notice of Removal

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

RAFAEL X ZAHRALDDIN-ARAVENA

vs.

JAMES W MCSTRAVICK EXECUTOR O

NO. 2022-13811

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY  BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

Case# 2022-13811-11 Docketed at Montgomery County Prothonotary on 02/16/2023 4:59 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2022-13811-11 Docketed at Montgomery County Prothonotary on 02/16/2023 4:59 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**TIMONEY KNOX, LLP**                                          *Attorney for Plaintiff*
By: Eric B. Smith, Esquire
Attorney I.D. No. 81023
400 Maryland Drive, PO Box 7544
Fort Washington, PA 19034
215-646-6000
esmith@timoneyknox.com

---

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | | |
|---|---|---|
| Rafael X. Zahralddin-Aravena<br>601 Old Kennett Road<br>Wilmington, DE 19807 | : <br> : <br> : | NO. 2022-13811 |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| James W. McStravick, as Executor of the Estate of<br>John M. Elliott<br>15 Wellfleet Lane<br>Wayne, PA 19087 | : <br> : <br> : <br> : | |
| | : | |
| and | : | |
| | : | |
| John Does 1-5 | : | |
| *Defendants* | | |

## COMPLAINT

Plaintiff, Rafael X. Zahralddin-Aravena, by and through his counsel, Timoney Knox, LLP, files this Complaint against James W. McStravick, as Executor of the Estate of John M. Elliott, and alleges the following:

## THE PARTIES

1.      Plaintiff Rafael X. Zahralddin-Aravena ("Zahralddin") is an individual and a resident of Delaware with an address of 601 Old Kennett Road, Wilmington, Delaware, 19807.

2.      Defendant James W. McStravick, as Executor of the Estate of John M. Elliott ("Estate"), is the executor of the estate of decedent, John M. Elliott.

1

2001107-1

Case# 2022-13811-11 Docketed at Montgomery County Prothonotary on 02/16/2023 4:59 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

3. Zahralddin is an attorney licensed to practice law in Pennsylvania and Delaware.

4. At all times material hereto and up until December 31, 2020, he was an employee of Elliott Greenleaf, P.C. ("Firm"), with an address at 925 Harvest Drive, # 300, Blue Bell, PA 19422, a Shareholder of the Firm, and a member of the Firm's Board of Directors.

5. John M. Elliott, deceased (together with the Estate, "Defendant"), during his lifetime, resided in the Commonwealth of Pennsylvania, in Montgomery County, Pennsylvania.

6. At all times material to this Complaint, Defendant owned a majority of the shares of the Firm.

7. The Estate continues to own a majority of the shares of the Firm as of the time of the filing of this Complaint.

8. As a shareholder of the Firm, Zahralddin held only a fraction of a single percentage share.

## JURISDICTION AND VENUE

9. Jurisdiction and venue are proper in Montgomery County, Pennsylvania because the Defendant purposely directed harm at Zahralddin in Montgomery County, Pennsylvania, and Zahralddin suffered damage in Montgomery County.

10. The Firm made and/or withheld payment to Zahralddin from its offices in Montgomery County, Pennsylvania.

11. Defendant administered its Wilmington Office[1] from Montgomery County, Pennsylvania.

12. By way of example only, all billing for the Wilmington Office was done out of Montgomery County; Zahralddin's paychecks, bonuses and benefits, as alleged herein, were all

---

[1] The Firm maintained an office located in Wilmington, Delaware ("Wilmington Office").

2

2001107-1

issued out of Montgomery County, Pennsylvania, as were all expenses paid to Zahralddin and for rent, furnishings, operating costs, and marketing for the Wilmington Office.

13. Defendant, at all times, controlled all aspects of the Firm from Montgomery County, Pennsylvania.

14. Defendant, at all times, caused the harm alleged herein from Montgomery County, Pennsylvania.

15. All decisions regarding Zahralddin and the Firm's Wilmington Office were made from Montgomery County, Pennsylvania.

## FACTUAL BACKGROUND

16. Zahralddin was employed by the Firm since December 1, 2007.

17. Zahralddin was the initial Managing Shareholder of the Wilmington Office.

18. Zahralddin's primary legal services at the Wilmington Office related to bankruptcy matters and also litigated matters in the Delaware Chancery Court and other Federal and state Courts inside and out of Delaware. He engaged in a national practice related to both bankruptcy and complex commercial litigation.

19. Zahralddin was the Firm's lead attorney licensed to practice in Delaware.

20. As a result of the oppressive conduct of the Firm and Defendant, as alleged hereinafter, on or about December 31, 2020, Zahralddin resigned from the Firm.

21. Zahralddin received no bonus or compensation above his wages paid to date for the year 2020, or certain prior years as alleged herein.

22. Thereafter, the Firm filed a lawsuit against Zahralddin in retribution and retaliation for his resignation from the Firm.

2001107-1

Case# 2022-13811-11 Docketed at Montgomery County Prothonotary on 02/16/2023 4:59 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2022-13811-11 Docketed at Montgomery County Prothonotary on 02/16/2023 4:59 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

23. The lawsuit is captioned Elliott Greenleaf, P.C. v. Rafael X. Zahralddin-Aravena, Shelley A. Kinsella, Eric M. Sutty, Jonathan M. Stemerman, and Maryann Millis, Mont. Co. CCP No. 2021-01427 ("2021 Suit").

24. Defendant possessed majority control of the Firm at all times relevant to this Complaint.

25. During the lifetime of John M. Elliott, the decedent, and at all times relevant to this Complaint, he owned more than 90% of the shares of the Firm.

26. Defendant authorized and/or directed the filing of the 2021 Suit in furtherance of the oppressive conduct alleged hereinafter.

27. Defendant authorized and/or engaged in the oppressive conduct alleged hereinafter.

28. Defendant authorized and/or directed that Zahralddin not receive any further bonus, distribution or other compensation above his wages for the year 2020, and certain other prior years.

29. Defendant, during his lifetime, controlled all aspects of the Firm, including, without limitation, its finances, hiring, allocation of financial and physical resources of the Firm, including for marketing, salaries, bonuses, compensation of all kinds, and technology and furnishings, allocation of associate billable time, and the retention, engagement and disengagement of clients.

30. Hereinafter, all allegations of conduct by the Firm shall mean conduct undertaken, or not undertaken, caused to occur, or not caused to occur, at the direction and authority of Defendant, the majority shareholder, either express or implied.

31. Zahralddin's practice out of the Firm's Wilmington Office contributed, upon information and belief, approximately 10% to 15% of the entire Firm's overall revenue. Despite it being a condition of his initial employment, including also that his practice be supported with technology needed to accommodate the international scope of clients and co-counsel, the Firm

2001107-1

refused to recruit and retain any other partners with complimentary practices in order to cross fertilize and stabilize the Wilmington Office.

32. Zahralddin was an employee at will of the Firm, without any contractual or legal restraint on the ability to resign his employment.

33. At all times relevant to this Complaint, Defendant caused the Firm to treat the Wilmington Office disparately.

34. At random intervals, Defendant threatened to shut down the Wilmington Office.

35. Defendant's support for the Wilmington Office was superficial, despite monetary success, and waned dramatically in 2019 when bankruptcy work was slower.

36. At all times relevant hereto, Firm technology including computer and email systems and use of the internet, intranet, inter-office electronic communication, and storage and cloud storage ("Firm Technology") was out of date, not uniform throughout its various office locations, disconnected from routine and seamless integration and use of cloud-based file exchange protocols, and mismanaged, particularly at the Wilmington Office.

37. Further, at all times relevant hereto, the firm's remote access terminal server, or similar technology was out of date, slow, unreliable and antiquated, further necessitating use, at times, of or personal emails systems.

38. On several occasions, access to the system in the Wilmington Office was out for consecutive days or weeks.

39. Through the Defendant's chosen allocation of resources, the Wilmington Office had inadequate Firm Technology systems in place.

40. The Firm provided no backup system in the Wilmington Office other than an analog tape system to retain a backup of server information.

2001107-1

Case# 2022-13811-11 Docketed at Montgomery County Prothonotary on 02/16/2023 4:59 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2022-13811-11 Docketed at Montgomery County Prothonotary on 02/16/2023 4:59 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

41. The analog tape system was inadequate to get the lawyers back up and running in a timely manner after a shut-down.

42. Upon information and belief, a more robust, modern, or digital or cloud-based backup system was installed in the Montgomery County, Pennsylvania office.

43. In or around March 2020, the Coronavirus disease 2019 quickly spread throughout the world, causing a world-wide pandemic ("Pandemic").

44. Because of the Pandemic, attorneys of the Firm, including Zahralddin, began operating in a manner in which they never had before including a) consistently worked remotely, b) attended court appearances via video technologies, and c) conducted depositions virtually.

45. During the Pandemic, in order to work efficiently while remaining away from the office, Firm personnel and Firm attorneys regularly used:

46. Home email for the business of the Firm while working remotely, on the go, or otherwise out of the office;

47. Various cloud-based document storage accounts, such as, and without limitation, One Drive, Google Drive, Box, and Drop Box;

48. Various hardware including, but not limited to, USB drives for transfer of materials from Firm computers to personal computers and devices, including for the purposes of working remotely, on the go, or otherwise out of the office.

49. As a result of the Pandemic, these procedures, once never contemplated, became commonplace and the normal operating procedure for the majority of working professionals, such as Firm personnel, including Zahralddin.

50. Although longstanding technology issues persisted the Wilmington Office's technological shortcomings proved especially challenging during the Pandemic.

6

2001107-1

51. The lack of cloud-based technology exacerbated the difficulty of working from remotely.

52. Zahralddin, along with others in the firm, had to use portable thumb drives and Google Cloud accounts to make documents accessible out of the office.

53. Due to the Firm's technological shortcomings in the Wilmington Office, the use of portable thumb drives and Google Cloud accounts were endorsed by the Firm's IT vendor, Galway, and the Firm's management.

54. Upon information and belief, during the Pandemic, Defendant directed an extensive and costly renovation of the Montgomery County, Pennsylvania office, including expensive upgrades to communications and remote access to Courts.

55. At the same time, Defendant denied the Wilmington Office cameras and Zoom accounts necessary to appear remotely in Court.

56. Individual Wilmington Office lawyers paid for their own cameras and personal Zoom accounts.

57. Zahralddin requested reimbursement from the Firm for these necessary technology expenses.

58. The Firm denied Zahralddin's request for reimbursement.

59. Instead of upgrading the antiquated technology in the Wilmington Office, the Firm declared that the Wilmington-based employees were required to work in-person in the Wilmington Office.

60. The in-person policy created unnecessary hardship for employees whose children were at home attending school remotely.

61. Zahralddin's former assistant has a special needs child.

7

2001107-1

Case# 2022-13811-11 Docketed at Montgomery County Prothonotary on 02/16/2023 4:59 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

62. Zahralddin's former assistant had no childcare to watch her child during the Pandemic school closures.

63. She requested to continue working from home as a reasonable accommodation.

64. The Firm refused to permit the assistant such reasonable accommodation.

65. Consequently, Zahralddin's assistant resigned and sought more accommodating employment after the Firm required her to work in person, causing harm to Zahralddin's practice.

66. Zahralddin originated an expedited Chancery Court matter in the months before his decision to depart the Firm.

67. The case was approved through the Firm's intake and conflict procedures.

68. The case cleared the Firm's new matter procedures.

69. Zahralddin discussed the matter with James McStravick who was the business manager for the Firm and the matter was approved.

70. Firm staffing for the matter included Montgomery County, Pennsylvania attorneys with the approval of the managing shareholder.

71. After the representation had commenced, Defendant forced Zahralddin to withdraw from the matter.

72. Zahralddin believes the variety of measures used by Defendant to force his withdrawal as counsel were improper and oppressive.

73. This was the third time that Zahralddin was forced by Defendant to withdraw from a matter that had been approved by the Firm.

74. Defendant and the Firm knew or should have known that these unjustified forced withdrawals would lead to Zahralddin's departure from the Firm.

8

2001107-1

Case# 2022-13811-11 Docketed at Montgomery County Prothonotary on 02/16/2023 4:59 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

75. These forced withdrawals as counsel constituted calculated oppression undertaken by Defendant against Zahralddin.

76. Since the death of decedent, at no time has the Estate corrected or remedied any of the oppression undertaken by decedent during his lifetime.

77. Instead, the Estate has specifically continued the oppressive conduct of decedent.

## COUNT I
## WAGE PAYMENT AND COLLECTION LAW

78. Zahralddin incorporates herein as though set forth at length each and every of the foregoing paragraphs.

79. At all times material hereto, Defendant and the Firm were employers under the Wage Payment and Collection Law, 43 Pa.C.S. § 260.1, *et seq.*

80. At all times material hereto, Zahralddin was an employee, as defined by the Wage Payment and Collection Law and case law, of Defendant and the Firm.

81. At all times since January 1, 2021, Defendant refuses to pay Zahralddin the amounts due to him as alleged herein.

82. The 2020 year-end bonus, profit distribution, dividend, additional compensation, payment under formula, or performance pay or bonus under the Firm's formula, or, alternatively, as is customary and routine, by the Defendant, and calculable, (collectively "Pay") constitute wages under the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, and the actions of Defendant in refusing to make provide Pay to Zahralddin constitutes a violation of the Pennsylvania Wage Payment and Collection Law.

83. Zahralddin also did not receive Pay for 2020 and prior years.

84. The withholding of Pay from Zahralddin by the Firm at the direction of Defendant constitutes, and is the result of, oppressive conduct, as alleged hereinafter.

2001107-1

Case# 2022-13811-11 Docketed at Montgomery County Prothonotary on 02/16/2023 4:59 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

85. Further, Zahralddin is entitled to certain indemnification and advancement rights from the Firm.

86. The term "wages" also includes fringe benefits or wage supplements.

87. Zahralddin's indemnification and advancement rights are fringe benefits.

88. Defendant effectively denied Zahralddin the fringe benefits of indemnification and advancement rights.

89. Zahralddin is a party to whom any type of wage is payable and may bring a private cause of action pursuant to 43 P.S. § 260.9a for unpaid wages and liquidated damages.

90. In accordance with 43 P.S. § 260.10, in addition to the payment of his unpaid Pay, Zahralddin is entitled to and demands liquidated damages in an amount equal to twenty-five percent (25%) of the wages due.

91. Pursuant to 43 P.S. § 260.9a(f), Zahralddin is entitled to costs for reasonable attorneys' fees of any nature to be paid by Defendant.

92. At all times material hereto Defendant exercised a policy-making function or responsibility over the finances and daily operations of the Firm.

93. There is no good faith basis to withhold Zahralddin's Pay.

**WHEREFORE**, Rafael X. Zahralddin-Aravena, respectfully requests that Your Honorable Court enter judgment in his favor and against Defendant in an amount in excess of $50,000, together with statutory liquidated damages pursuant to 43 P.S. § 260.10, interest at the rate of 6% per annum, calculated as aforesaid, plus costs, attorneys' fees pursuant to 42 Pa.C.S. § 2503, *inter alia*, and punitive damages, and such other relief as the Court deems just.

10

2001107-1

Case# 2022-13811-11 Docketed at Montgomery County Prothonotary on 02/16/2023 4:59 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## COUNT II
## BREACH OF FIDUCIARY DUTY

94. Zahralddin incorporates herein as though set forth at length each and every of the foregoing paragraphs.

95. At the direction of Defendant, by agreement of the shareholder, the Firm distributed the profits of the Firm each year.

96. Additional compensation bonuses or profit distribution were tied to the performance of the individual shareholders.

97. Despite his shareholder status, and despite, upon information and belief, the Firm being highly profitable in most, if not all years in which he was a shareholder of the Firm, Zahralddin did not receive a distribution from the Firm based on his status of shareholder.

98. More specifically, Zahralddin did not receive a distribution for the year 2020.

99. 2020 was a profitable year for Zahralddin's practice.

100. In fact, Zahralddin's practice accounted for a higher profit, per capita, than most attorneys in the Firm.

101. Upon information and belief, Defendant secretly distributed, or directed to be distributed, the profits of the Firm disproportionately to favored shareholders without regard to a) the agreed performance metric or b) the reasonable expectations of the minority shareholders, such as Zahralddin.

102. Such payments were made either directly in the form of dividends or as dividends disguised as bonus payments.

103. Further, upon information and belief, Firm profits were misappropriated through payment to undisclosed affiliated entities such as Galway Computer Services, LLC and perhaps others, where Defendant owned an undisclosed interest.

11

2001107-1

104. As a shareholder of the Firm, if dividend payments were made, even if in the form of bonuses, Zahralddin was entitled to a pro rata share of the profits reasonably related to their individual performances.

105. Zahralddin expected, reasonably, real participation in Firm management as a Director of the Firm.

106. However, instead, the Directors operated as a rubber-stamp for Defendant, or, were not consulted at all, or after the fact.

107. In fact, the Directors were not even permitted to see the By-laws of the Firm.

108. Zahralddin expected, reasonably, compensation in all of its forms to be commensurate with his generated business, origination and efforts.

109. However, instead, Zahralddin's compensation at all times failed to reflect his generated business, origination and efforts with others with lower performance metrics receiving disproportionate compensation in all of its forms.

110. Similarly, Zahralddin never shared in the profits of the Firm on a scale proportionate to his performance metrics, further defeating his expectations.

111. Zahralddin expected, reasonably, to engage with clients professionally and in accordance with the terms of the engagement, participate in zealous advocacy in favor of his clients, service those clients with Firm attorneys and associates, without interference from the Firm or Defendant.

112. However, instead, Defendant on two occasions arbitrarily, irrationally, and for a basis not in the best interests of the Firm, directed Zahralddin to terminate otherwise good, engaged, and paying clients, thereby suffering a loss of reputation, income, and current and future business from the terminated clients.

2001107-1

Case# 2022-13811-11 Docketed at Montgomery County Prothonotary on 02/16/2023 4:59 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2022-13811-11 Docketed at Montgomery County Prothonotary on 02/16/2023 4:59 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

113. Zahralddin expected, reasonably, that the Wilmington Office of the Firm would receive comparable resources for facilities, technology, attorneys and staff as the Firm's headquarters in Blue Bell, Pennsylvania.

114. Instead, Defendant allocated a majority of its resources to the Blue Bell Office, ignoring the needs of the Wilmington Office, causing difficulty in case staffing and management, retention of new clients, litigation capabilities, and deficient technology.

115. Zahralddin expected, reasonably, all of the rights and benefits of a shareholder and Director, including indemnification and advancement.

116. Instead, in a further act of oppression, Defendant refused to authorize indemnification and advancement in favor of Zahralddin, causing him significant monetary loss.

117. The Defendant, however, refused to provide the same more advanced IT as it provided to the Montgomery County, Pennsylvania Office.

118. Zahralddin's proposal for updating the IT in the Wilmington Office was flatly rejected by Defendant.

119. Yet the Defendant made improvements to the Montgomery County, Pennsylvania office consistent with Zahralddin's requests for the Wilmington Office.

120. For example, the Firm purchased a more updated and proper backup system for the Montgomery County, Pennsylvania office after the Firm suffered a ransomware attack.

121. However, the Firm refused to pay for similar upgrades to the Wilmington Office.

122. Defendant, as majority shareholder, refused to declare or pay a dividend to Zahralddin or other shareholders.

2001107-1

Case# 2022-13811-11 Docketed at Montgomery County Prothonotary on 02/16/2023 4:59 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

123. Defendant authorized and/or directed payments by the Firm to entities owned in whole or in part by members of the majority, in detriment to the minority shareholders, including Zahralddin.

124. Zahralddin departed the Firm only because of the oppressive conduct of the Defendant.

125. As part of Defendant's oppressive conduct, Defendant filed the 2021 Suit against Zahralddin, among others, for retaliation for departing the Firm.

126. Thereafter, despite clear entitlement, Defendant denied Zahralddin his indemnity and advancement rights, without cause or basis, and only to defeat his expectations as a Director of the Firm and shareholder.

127. None of Defendant's oppressive conduct served the best interests of the Firm.

128. All of the oppressive conduct engaged in by Defendant defeated the expectations of Zahralddin and caused him to suffer damages.

129. Each of the expectations held by Zahralddin as a minority shareholder of the Firm were reasonable and were, at least in part, represented to him by representatives of the Firm and/or by Defendant or Defendant's representatives.

130. The oppressive conduct of the Defendant caused financial harm to Zahralddin, including by a) the loss of clients by the express and direct orders and manipulation of Defendant; b) the loss of current, future and new business from those same clients Defendant ordered Zahralddin to terminate; c) the loss of other, new, future business, because the inequitable funding of the Wilmington Office with regard to marketing, personnel, technology and facilities; d) irrational, arbitrary, biased and unmerited payment of bonus, performance, end-of-year, or other 'additional' compensation, to others at a lower performance level than Zahralddin as

14

2001107-1

measured from almost every metric; e) the loss of the continued benefit of being a shareholder of the Firm, compensated fairly and equitably, on a rational, unbiased, merited method based upon performance and metrics, and not the whim of the Defendant; f) the loss of the benefit of indemnification and advancement rights; and g) the loss or non-payment of Pay, bonus, compensation, wages, fringe benefits, dividends and distributions.

131. Zahralddin did not receive any distribution for the year 2020, or prior years.

132. Under Pennsylvania law, a majority shareholder of a Pennsylvania corporation owes a fiduciary duty or quasi-fiduciary duty to a minority shareholder that prevents the majority shareholder from using his power in such a way as to exclude the minority shareholder from her proper share of the benefits of the corporation.

133. A majority shareholder has a fiduciary duty not to misuse his power by promoting his personal interest at the expense of the corporate interests.

134. Likewise, whether imposed because of the controlling shareholders' direct influence acting in their capacity as shareholder or because of indirect influence through directors or officers whom they control, courts require controlling shareholders to exercise their powers in good faith and in a way that does not oppress the minority.

135. The oppressive conduct of Defendant substantially defeated Zahralddin's reasonable expectations in being a shareholder of the Firm, including those matters identified above.

136. Zahralddin reasonably expects that ownership in the corporation would entitle him to employment as an attorney, a share of corporate earnings, or distribution of profits, a place in corporate management, and compensation based on performance.

15

Case# 2022-13811-11 Docketed at Montgomery County Prothonotary on 02/16/2023 4:59 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

137. Defendant defeated those expectations and there existed no effective means of salvaging Zahralddin's investment in the Firm.

138. It is axiomatic that majority shareholders have a duty not to use their power in such a way to exclude minority shareholders from their proper share of benefits accruing from the enterprise.

139. As a result of these breaches by Defendant, Zahralddin suffered damages in excess of $50,000.

140. Defendant's conduct is outrageous and with reckless disregard of the rights of Zahralddin, and done with ill motive and blackened heart.

141. Punitive damages are warranted.

**WHEREFORE**, Rafael X. Zahralddin-Aravena, respectfully requests that Your Honorable Court enter judgment in his favor and against Defendant in an amount in excess of $50,000, together with punitive damages, and such other relief as the Court deems just.

**TIMONEY KNOX, LLP**

Date: <u>February 16, 2023</u>          By: _____

Eric B. Smith, Esquire
*Attorney for Plaintiff*

16

Case# 2022-13811-11 Docketed at Montgomery County Prothonotary on 02/16/2023 4:59 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

2001107-1

# VERIFICATION

I, Rafael X. Zahralddin-Aravena, do hereby verify that I am the Plaintiff in the foregoing matter, and I do further verify that all statements contained in the Complaint are true and correct to the best of my knowledge, understanding and belief.

I further understand that any false statements made herein are subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____
Rafael X. Zahralddin-Aravena

Date: <u>February 16, 2023</u>

1999977-1
2001107-1

Case# 2022-13811-11 Docketed at Montgomery County Prothonotary on 02/16/2023 4:59 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.